**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NATHANIEL BEASLEY | ) | |
| | ) | **Case No. 07 CV 06940** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Hon. James B. Zagel** |
| | ) | |
| WALGREEN CO., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND ADDITIONAL**
**DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Walgreen Co. ("Walgreens" or "Defendant"), by and through its attorneys,

Morgan, Lewis & Bockius LLP, and pursuant to Federal Rules of Civil Procedure 8 and 12,

respectfully submits its Answer and Additional Defenses to Plaintiff's Complaint as follows:

**PRELIMINARY STATEMENT**

**Complaint ¶ 1:**

This action seeks redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. §
1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*
Plaintiff seeks mandatory injunctive relief, declaratory relief and damages to redress Defendant's
discriminatory employment practices.

**ANSWER:**

Defendant admits that the Complaint claims violations of 42 U.S.C. § 1981 ("Section

1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

("Title VII"), and that Plaintiff seeks the relief identified in Paragraph 1 of the Complaint.

Defendant denies that it violated Section 1981, Title VII, or any other laws or statutes, or that

Plaintiff is entitled to the relief identified in Paragraph 1 of the Complaint or any other relief

whatsoever.

## JURISDICTIONAL STATEMENT

**Complaint ¶ 2:**

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. § 1981 and 42 U.S.C. § 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**

The allegations in Paragraph 2 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over this matter, and that Plaintiff seeks the relief identified in Paragraph 2 of the Complaint. Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint and denies that Plaintiff is entitled to any relief whatsoever.

## VENUE

**Complaint ¶ 3:**

Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**ANSWER:**

The allegations in Paragraph 3 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant admits the allegations contained in Paragraph 3 of the Complaint.

## PARTIES

**Complaint ¶ 4:**

Plaintiff, NATHANIEL BEASLEY, is an African-American citizen of the United States who resides in the State of Illinois.

**ANSWER:**

Upon information and belief, Defendant admits the allegations contained in Paragraph 4 of the Complaint.

**Complaint ¶ 5:**

Defendant, WALGREEN CO., is a corporation properly recognized and sanctioned by the laws of the State of Illinois.  At all times relevant hereto, Defendant has conducted, and continues to conduct, business in the State of Illinois.  Defendant is engaged in an industry that affects commerce and is an employer for the purposes of 42 U.S.C. § 2000e(b).

**ANSWER:**

The allegations in Paragraph 5 constitute conclusions of law to which no responsive pleading is required.  To the extent a response is required, Defendant admits that it is an Illinois corporation, that it has and continues to conduct business in the State of Illinois, and that it is an employer for purposes of 42 U.S.C. § 2000e(b).  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

**PROCEDURE**

**Complaint ¶ 6:**

Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on November 27, 2007.  The EEOC issued Plaintiff a Notice of Right to Sue on November 30, 2007, which Plaintiff received on December 4, 2007.  The Notice of Right to Sue entities Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice.  Plaintiff has initiated this action within said ninety (90) day period.

**ANSWER:**

Defendant admits the allegations contained in the first sentence of Paragraph 6 of the Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and last sentences of Paragraph 6 of the

Complaint, and therefore denies those allegations.  The remaining allegations in Paragraph 6 constitute conclusions of law to which no responsive pleading is required.

<u>**COUNT I – 42 U.S.C. § 1981 – RETALIATION**</u>

<u>**Complaint ¶ 7:**</u>

Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

<u>**ANSWER**</u>:

Defendant restates and incorporates by reference its answers to Paragraphs 1 through 6 of the Complaint as its answer to Paragraph 7 of the Complaint.

<u>**Complaint ¶ 8:**</u>

Plaintiff began working for Defendant in August 1991 as a Service Clerk.  Throughout his career, Plaintiff has advanced through Defendant's ranks, earning promotions to Assistant Manager, Executive Assistant Manager, and finally to Store Manager, during which Plaintiff has earned transfers to increasingly larger store locations.

<u>**ANSWER**</u>:

Defendant admits that Plaintiff began working for Walgreens in August 1991.  Defendant admits that during his employment with Walgreens, Plaintiff was promoted to Assistant Manager, Executive Assistant Manager, and Store Manager.  Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 8 of the Complaint.

<u>**Complaint ¶ 9**</u>:

Throughout the duration of his employment, Plaintiff has performed in accordance with Defendant's legitimate employment expectations, as evidenced by his longevity of service, lack of any substantive discipline, and numerous promotions, and any assertion to the contrary is a pretext for discrimination.

<u>**ANSWER**</u>:

Defendant denies the allegations contained in Paragraph 9 of the Complaint.

**Complaint ¶ 10**:

In 2000, Defendant assigned Plaintiff to Store #4306 in Chicago, Illinois. Under Plaintiff's guidance, Store #4306 has been Defendant's highest grossing store in its district, which is comprised of twenty-six (26) other locations.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 10 of the Complaint.

**Complaint ¶ 11**:

Throughout his employment as a Store Manager, Defendant has discriminated against Plaintiff based on his race, African-American, by providing non-African-American Store Managers better resources and opportunities. Examples of such conduct are detailed below.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 11 of the Complaint.

**Complaint ¶ 12**:

Throughout his tenure as a Store Manager, Defendant has primarily assigned African-American employees to manage its inner-city stores and Caucasian employees to lead the suburban locations.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 12 of the Complaint.

**Complaint ¶ 13**:

Defendant customarily has allocated the Caucasian Store Managers operating the suburban store locations higher payrolls, higher expense allowances, and more staff members than provided to the African-American managers running the inner-city locations. Defendant has provided the Caucasian managers these preferential resources despite the fact that inner-city stores require more funding as evidenced by the higher customer traffic than their suburban counterparts.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 13 of the Complaint.

**Complaint ¶ 14**:

Defendant compensates its Store Managers with bonuses based upon the sales performance of their assigned stores. As a result of these inequitable allocated resources, Plaintiff and other African-American Store Managers must work harder to make comparable bonuses to their similarly situated Caucasian co-workers.

**ANSWER**:

Defendant admits that Store Managers at Walgreens are typically eligible for bonuses based in part upon their stores' sales and profit. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

**Complaint ¶ 15**:

Defendant further has impaired Plaintiff's ability to complete his job duties and responsibilities by transferring members of Plaintiff's assistant managerial staff, whom he devoted substantial time and efforts training, to Caucasian Store Managers.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 15 of the Complaint.

**Complaint ¶ 16**:

In 2005, Defendant transferred several of Plaintiff's Assistant Store Managers, including Lisa McBride-Shields, Craig Jones, and Glen Jones, to locations operated by Caucasian Store Managers and only provided Plaintiff with inexperienced replacements, leaving Plaintiff with an inferior staff for the busy holiday season.

**ANSWER**:

Defendant admits that several of Plaintiff's Assistant Store Managers were transferred in or around 2005. Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

**Complaint ¶ 17**

The following year, during the 2006 holiday season, Defendant once again substantially cut Plaintiff's payroll, forcing Plaintiff to inadequately staff key locations during the busiest times of the year and resulting in decreased sales. On information and belief, Defendant did not

severely cut the operating budgets of the Caucasian Store Managers in the Chicago region immediately preceding the vital holiday season.

**ANSWER**:

Defendant admits that Walgreens "did not severely cut the operating budgets" of all Store Managers, including both African-American and Caucasian Store Managers. Except as expressly admitted herein, Defendant denies the allegations contained in Paragraph 17 of the Complaint.

**Complaint ¶ 18**

On numerous occasions, Defendant has further required Plaintiff to assist other stores operated by Caucasian management. However, Defendant has not required such Caucasian managers to assist Plaintiff in operating his stores.

**ANSWER**:

Defendant admits that Plaintiff has assisted other stores. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

**Complaint ¶ 19**

Defendant further refuses to enforce its policies and procedures in a consistent manner between Plaintiff and other Caucasian Store Managers in his region. For instance, Defendant has a policy requiring Store Managers to work every other weekend. While this policy is consistently enforced against Plaintiff, Defendant does not require the same of Caucasian Store Managers, who are not required to work every other weekend like their similarly situated African-American counterparts.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 19 of the Complaint.

**Complaint ¶ 20**

On numerous occasions throughout the year preceding the termination of his employment, Plaintiff had, to no avail, complained to Defendant's management regarding the disparate treatment and resources between Caucasian and African-American Store Managers.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 20 of the Complaint.

**Complaint ¶ 21**:

Between 2006 through his termination in 2007, Plaintiff made reports and complaints to his District Manager, Anas Alham-wi [sic], and during Store Manager meetings regarding the disparate treatment afforded to African-American Store Managers, including but not limited to:

a.    Complaints regarding preferential resources provided to Caucasian Store Managers, despite the fact that African-American Store Managers generally operate locations that have more sales and more customers.

b.    Complaints regarding additional policies and procedures that African-American Store Managers are required to follow in comparison to their Caucasian counterparts. Such policies and procedures are even more difficult for the African-American Store Managers to comply with considering the fewer resources they are allocated; and

c.    Complaints regarding the transfer of his staff, whom Plaintiff had trained for several years, to Caucasian Store Managers.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 21 of the Complaint, including

the allegations contained in sections (a) through (c) inclusive.

**Complaint ¶ 22**:

In August 2007, due to the extra time constraints Defendant imposed on Plaintiff by providing him disparate resources, Plaintiff was forced to withdraw from Defendant's emerging leaders program. Such a withdrawal reflected negatively on District Manager Anas Alham-wi [sic], who therefore tried to convince Plaintiff to reconsider. When Plaintiff refused, District Manager Anas Alham-wi [sic] stated "You all people just don't understand." District Manager Anas Alham-wi [sic] refused to discuss the meaning behind this statement to Plaintiff despite Plaintiff's repeated requests.

**ANSWER**:

Defendant admits that Plaintiff withdrew from Defendant's Emerging Leaders Program.

Defendant denies the remaining allegations contained in Paragraph 22 of the Complaint.

**Complaint ¶ 23**:

One month later, in September 2007, District Manager Anas Alham-wi [sic] again violated Defendant's usual and customary practices and policies by issuing a disciplinary warning to Plaintiff for displaying outdated merchandise through an e-mail that was visible to his entire store team rather than address the issue in an appropriate private manner. Throughout his employment, Plaintiff has never witnessed Defendant issue a warning to a Caucasian Store Manager in such a public fashion.

**ANSWER**:

Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff allegedly "witnessed" during the course of his employment with Walgreens, and therefore denies that allegation. Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint.

**Complaint ¶ 24**:

That same month, on September 21, 2007, District Manager Anas Alham-wi [sic] instructed Store Managers in the region to distribute fliers for Defendant's flu influenza shot campaign. In issuing the directive, District Manager Anas Alham-wi [sic] advised the Store Managers not to hire additional staff or incur overtime to distribute the materials.

**ANSWER**:

Defendant admits that on or around September 21, 2007, District Manager Anas Al-Hamwi ("Al-Hamwi") instructed Store Managers in his district to have fliers for Walgreens' flu influenza shot campaign distributed. Defendant denies the remaining allegations contained in Paragraph 24 of the Complaint.

**Complaint ¶ 25**:

Based on the instruction not to incur overtime, as Plaintiff's staff was already stretched thin to cover the store operations, Plaintiff was forced to distribute the fliers personally. On information and belief, similarly situated Caucasian Store Managers with adequate staffing and resources did not have to personally distribute the promotional materials.

**ANSWER**:

Defendant admits that all Store Managers, including but not limited to Caucasian Store Managers, did not have to "personally distribute the promotional materials." Defendant denies the remaining allegations contained in Paragraph 25 of the Complaint.

**Complaint ¶ 26**:

A few days later, on September 24, 2007, per District Manager Anas Alham-wi's [sic] instructions, Plaintiff distributed the fliers throughout his store's adjacent neighborhoods. While distributing the fliers, Plaintiff received a call from District Manager Anas Alham-wi [sic] inquiring as to Plaintiff's whereabouts, which Plaintiff thoroughly explained. Later that day, Plaintiff again discussed the issue with Alham-wi [sic], who told Plaintiff that he understood and was just inquiring of Plaintiff's location.

**ANSWER**:

Defendant lacks knowledge or information sufficient to form a belief as to whether "on September 24, 2007, per District Manager Anas Alham-wi's [sic] instructions, Plaintiff distributed the fliers throughout his store's adjacent neighborhoods" and as to whether he was "distributing the fliers," and therefore denies those allegations. Defendant denies the remaining allegations contained in Paragraph 26 of the Complaint.

**Complaint ¶ 27**:

The next day, despite his thorough explanations, Plaintiff received a call from District Manager Anas Alham-wi [sic] accusing him of lying about the incident. Plaintiff reiterated that he was following Alham-wi's [sic] instructions in distributing the fliers.

**ANSWER**:

Defendant admits that on September 25, 2007, Plaintiff and Al-Hamwi spoke on the telephone and that during this telephone conversation Plaintiff said that he was distributing fliers. Defendant denies the remaining allegations contained in Paragraph 27 of the Complaint.

**Complaint ¶ 28**:

The next morning, on September 26, 2007, Plaintiff was instructed to meet with District Manager Anas Alham-wi [sic] and Ken English, Loss Prevention Agent.  In the meeting, Alham-wi [sic] repeatedly accused Plaintiff of lying about the incident, suspended Plaintiff for forty-eight (48) hours, without pay, and asked Plaintiff to relinquish his store keys.

**ANSWER**:

Defendant admits that on September 26, 2007, Plaintiff met with Al-Hamwi and Loss Prevention Supervisor Ken English ("English"), that during this meeting Al-Hamwi accused Plaintiff of lying, that Plaintiff was suspended without pay, and that Plaintiff was asked to relinquish his store keys.  Defendant denies the remaining allegations contained in Paragraph 28 of the Complaint.

**Complaint ¶ 29**:

After learning of his suspension, Plaintiff contacted Defendant's Employee Relations Department and the Regional Manager, John Grant, to ascertain the status of his employment. Both the Employee Relations Department and Regional Manager Grant refused to discuss the status of his employment with Plaintiff.

**ANSWER**:

Defendant admits that on or around September 28, 2007, Plaintiff contacted Defendant's Employee Relations Department and John Grant.  Defendant denies the remaining allegations contained in Paragraph 29 of the Complaint.

**Complaint ¶ 30**:

On October 3, 2007, in a meeting with District Manager Anas Alham-wi [sic] and Loss Prevention Agent English, Defendant terminated Plaintiff's employment for the purported reason of being dishonest, stating that Defendant "could not trust employees like [Plaintiff]."

**ANSWER**:

Defendant admits that on October 3, 2007, in a meeting among Al-Hamwi, English, and Plaintiff, Defendant terminated Plaintiff's employment in part because of dishonesty. Defendant denies the remaining allegations contained in Paragraph 30 of the Complaint.

**Complaint ¶ 31**:

Immediately following his termination, Plaintiff attempted to discuss the sequence of events with Regional Manager Grant; Mr. Handle [sic], the Head of Store Operations; and the Employee Relations Department, to no avail.

**ANSWER**:

Defendant admits that at certain points following his termination, Defendant contacted the Employee Relations Department. Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff "attempted" and therefore denies the remaining allegations contained in Paragraph 31 of the Complaint.

**Complaint ¶ 32**:

On information and belief, Defendant orchestrated the sequence of events to substantiate a decision to terminate Plaintiff's employment following his complaints of the disparate treatment afforded to African-American employees.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 32 of the Complaint.

**Complaint ¶ 33**:

The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on his opposition to the creation of a discriminatory work environment and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of his employment in violation of 42 U.S.C. § 1981.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 33 of the Complaint.

**Complaint ¶ 34**:

As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 34 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NATHANIEL BEASLEY, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against an individual for complaining of an unlawful employment practice;

C. Order Defendant to make whole NATHANIEL BEASLEY by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to NATHANIEL BEASLEY;

E. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages the Court may deem appropriate against Defendant;

F. Grant Plaintiff his attorney fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER**:

Defendant denies that Plaintiff is entitled to the relief identified in this Prayer for Relief

or any other relief whatsoever.

## COUNT II – TITLE VII –RETALIATION

**Complaint ¶ 35**:

Paragraphs one (1) through thirty-two (32) are incorporated by reference as if fully set out herein.

**ANSWER**:

Defendant restates and incorporates by reference its answers to Paragraphs 1 through 32 of the Complaint as its answer to Paragraph 35 of the Complaint.

**Complaint ¶ 36**:

The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on his opposition to the creation of a discriminatory work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 36 of the Complaint.

**Complaint ¶ 37**:

As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 37 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NATHANIEL BEASLEY, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which retaliates against an individual for complaining of an unlawful employment practice;

C. Order Defendant to make whole NATHANIEL BEASLEY by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to NATHANIEL BEASLEY;

F. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER**:

Defendant denies that Plaintiff is entitled to the relief identified in this Prayer for Relief

or any other relief whatsoever.

## COUNT III – 42 U.S.C. § 1981 – RACE DISCRIMINATION

**Complaint ¶ 38**:

Paragraphs one (1) through thirty-one (31) are incorporated by reference as if fully set out herein.

**ANSWER**:

Defendant restates and incorporates by reference its answers to Paragraphs 1 through 31

of the Complaint as its answer to Paragraph 38 of the Complaint.

**Complaint ¶ 39**:

In contrast to Plaintiff, who was following his manager's instructions while absent from his store, Plaintiff has, on numerous occasions throughout his employment, witnessed Caucasian and non-African-American Store Managers absent from their stores during store hours and not receive any sort of substantive discipline or punishment.

**ANSWER**:

Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff

allegedly "witnessed" during the course of his employment with Walgreens, and therefore denies

those allegations.  Defendant denies the remaining allegations contained in Paragraph 39 of the

Complaint.

**Complaint ¶ 40**:

The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his race, African-American, and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of his employment in violation of 42 U.S.C. § 1981.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 40 of the Complaint.

**Complaint ¶ 41**:

As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, lost and foregone wages and physical and emotional harm.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 41 of the Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, NATHANIEL BEASLEY, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C. Order Defendant to make whole NATHANIEL BEASLEY by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to NATHANIEL BEASLEY;

E. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages the Court may deem appropriate against Defendant;

F. Grant Plaintiff his attorney fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER**:

Defendant denies that Plaintiff is entitled to the relief identified in this Prayer for Relief

or any other relief.

## COUNT IV – TITLE VII – RACE DISCRIMINATION

**Complaint ¶ 42**:

Paragraphs one (1) through thirty-one (31) and thirty-nine (39) are incorporated by reference as if fully set out herein.

**ANSWER**:

Defendant restates and incorporates by reference its answers to Paragraphs 1 through 31 and 39 of the Complaint as its answer to Paragraph 42 of the Complaint.

**Complaint ¶ 43**:

The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his race, African-American, by subjecting him to a racially discriminatory work environment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 43 of the Complaint.

**Complaint ¶ 44**:

As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, loss and foregone wages and physical and emotional harm.

**ANSWER**:

Defendant denies the allegations contained in Paragraph 44 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NATHANIEL BEASLEY, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C. Order Defendant to  make whole NATHANIEL BEASLEY by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

    D.  Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

    E.  Order Defendant to pay lost, foregone, and future wages to NATHANIEL BEASLEY;

    F.  Grant Plaintiff his attorney's fees, costs, disbursements; and

    G.  Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**<u>ANSWER</u>**:

Defendant denies that Plaintiff is entitled to the relief identified in this Prayer for Relief or any other relief whatsoever.

**<u>JURY TRIAL DEMAND</u>**

**<u>Complaint ¶ 45</u>**:

Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

**<u>ANSWER</u>**:

Defendant admits that Plaintiff has demanded a jury trial, but denies that Plaintiff is entitled to such a trial.

**<u>ADDITIONAL DEFENSES</u>**

As for its additional defenses, Defendant states as follows:

**<u>FIRST ADDITIONAL DEFENSE</u>**

Plaintiff's claims are barred to the extent that they arose outside the applicable statutes of limitation.

**<u>SECOND ADDITIONAL DEFENSE</u>**

Plaintiff's claims for damages are barred to the extent that he has failed to sufficiently mitigate any alleged damages to which he may be entitled.

## THIRD ADDITIONAL DEFENSE

Plaintiff's claims are barred to the extent he has failed to exhaust his administrative remedies.

## FOURTH ADDITIONAL DEFENSE

Defendant exercised good faith efforts to comply with Section 1981 and Title VII and did not act with malice or reckless indifference to Plaintiff's federally protected rights.

## FIFTH ADDITIONAL DEFENSE

Even if Defendant had an alleged discriminatory or retaliatory motive, which it did not, Defendant would have terminated Plaintiff anyway and thus the alleged discriminatory or retaliatory motive was not a motivating or but-for-cause of Plaintiff's alleged harm.

## SIXTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, waiver, and estoppel.

## SEVENTH ADDITIONAL DEFENSE

Defendant reserves the right to plead additional defenses as may be discovered during the course of this litigation.


Dated: February 19, 2008                              Respectfully submitted,

                                                                 WALGREEN CO.

                                                                 By: /s Gregory P. Abrams
                                                                        One of Its Attorneys

Sari M. Alamuddin
Gregory P. Abrams
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, 5th Floor
Chicago, Illinois  60601
Telephone: 312-324-1000
Facsimile: 312-324-1001

<u>**CERTIFICATE OF SERVICE**</u>

I, Gregory P. Abrams, an attorney, hereby certify that I served a copy of the foregoing

**Defendant's Answer and Additional Defenses to Plaintiff's Complaint** by filing it

electronically through the Court's CM/ECF system, which directed a copy to:

    Lisa R. Kane
    Darren A. Bodner
    Janice A. Wegner
    Michael S. Young
    Lisa Kane & Associates, P.C.
    120 South LaSalle Street
    Suite 1420
    Chicago, IL  60603
    Ph. (312) 606-0393

on this 19th day of February, 2008.

                                        s/ Gregory P. Abrams_____